IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RAHEEM BROWN**,

    Petitioner,

v.

**J. SAAD, Warden,**

    Respondent.

Civil No.: 3:16CV108
(JUDGE GROH)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 8, 2016, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction imposed in the United States District Court for the Western District of Pennsylvania. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.   FACTS[1]

On November 7, 2012, a grand jury indicted Petitioner and charged him with possession with intent to distribute heroin in violation of U.S.C. 841(a)(1) in Count 1; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. 924(c)(1)(A)(i) in Count 2 and felon in possession of a firearm in violation of 18. U.S.C. §922(g)(1) and §924(e) in Count 3. ECF No. 1.

---

[1] All CM/ECF references in this Facts section refer to entries in the docket of Criminal Action No. 2:12CR272, Western District of Pennsylvania, (Pittsburgh).

1

Petitioner plead guilty to Counts 1 and 2 of the Indictment on February 10, 2014. ECF No. 52. On May 29, 2014, Petitioner was sentenced on Counts 1 and 2 to a total of 180 months incarceration and 4 years of supervised release. Judgment, ECF No. 71. Petitioner did not appeal his conviction. On June 12, 2016, Petitioner timely filed his Motion to Vacate under 28 U.S.C. §2255, which is currently pending before the Western District of Pennsylvania (Pittsburgh). ECF No. 89. Additionally, Petitioner filed a 28 U.S.C. §2244 with the Third Circuit requesting leave to file a second successive motion to vacate raising, among other things, a claim under Johnson. ECF No. 88. The Third Circuit denied the request as unnecessary since Petitioner's first Motion to Vacate was still pending. Id. On August 4, 2016, District Judge Fischer granted Petitioner's request to withdraw his pending 2255 motion so that he could file a new, all inclusive 2255 motion with both issues under Johnson and Mathis. ECF No. 87. District Judge Fischer gave Petitioner until **September 26, 2016**, to file "any all-inclusive 2255 Motion, including any all supplemental materials in support of said Motion." ECF. No. 87.

### III. PETITIONER'S CLAIMS

In support of his section 2241 petition before this Court, Petitioner states that the sentencing court in the Western District of Pennyslvania (Pittsburgh) miscalculated the guidelines applicable to his sentencing.[2] ECF No. 1. For relief, Petitioner requests that the guidelines be accurately applied reducing his sentence.. Id. at 8. It appears that Petitioner is challenging his sentence.

---

[2] References in "Section III. Petitioner's Claims" are to Petitioner's 28 U.S.C. §2241 petition filed in the Northern District of West Virginia, case number, 3:16CV108.

2

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and his Petition should be dismissed. Therefore, no response is required of Respondent.

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the

prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In the instant case, Petitioner has until September 26, 2016 to re-file a 2255 Motion to Vacate in the Western District of Pennsylvania. Consequently, because Petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

## VI.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** 9-6-2016

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE