# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**RAHEEM BROWN,**

    Petitioner,

**v.**                               **CIVIL ACTION NO.: 3:16-CV-108 (GROH)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On September 6, 2016, Magistrate Judge Trumble issued his R&R, which recommends that this Court deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the R&R. The Petitioner was served with the R&R on September 8, 2016. To date, neither party has filed objections. Accordingly, this Court will review the R&R for clear error.

In his motion, the Petitioner alleges that the United States District Court for the Western District of Pennsylvania improperly calculated his sentence. As relief, he requests that his case be remanded to the sentencing court for resentencing. Upon review, the Court agrees with Magistrate Judge Trumble's finding that the instant petition was improperly filed pursuant to § 2241. A petition is properly filed pursuant to § 2241 when it "attacks . . . the execution of a sentence." Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (collecting cases); see also In re Vial, 115 F.3d 1192, 1994 n.5 (4th Cir. 1997). Alternatively, a petition is properly filed pursuant to § 2255 when it attacks the legality of a conviction or sentence. United States v. Hadden, 475 F.3d 652, 660 (4th Cir. 2007); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (collecting cases). In limited circumstances, a federal prisoner may bring his claims pursuant to § 2241 if he demonstrates that relief provided under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Here, the Petitioner attacks the legality of his conviction and sentence and has failed to meet the savings clause requirements as announced in Jones. See Jones, 226 F.3d at 333-34. Thus, a § 2255 petition is the proper mechanism with which to pursue his claims.

Accordingly, the Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is, hereby **ORDERED ADOPTED** for the

reasons more fully stated therein. The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DENIED** and **DISMISSED** with prejudice.

The Court **ORDERS** this case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

Because the instant petition seeks relief pursuant to § 2241, the Court makes no certificate of appealability determination in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** November 18, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE